IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GARY ARCHER,<br><br>Defendant. | Case No. CR11-0001<br><br>ORDER FOR PRETRIAL DETENTION |

On the 3rd day of March, 2011, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Peter E. Deegan, Jr. The Defendant appeared personally and was represented by his attorney, Stephen A. Swift.

## RELEVANT FACTS

On January 11, 2011, Defendant Gary Archer was charged by Indictment (docket number 2) with interstate travel to engage in illicit sexual activity (Count 1) and transportation of a minor to engage in criminal sexual activity (Count 2). Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on April 25, 2011.

The Government proffered portions of a December 2010 affidavit in support of a search warrant for purposes of presenting the circumstances underlying the instant charge. *See* Government's Exhibit 1; ¶¶ 15-24. A review of the affidavit reflects the following:

On August 10, 2010, a 14-year-old female was taken to the doctor by her father for stomach pains. While at the doctor's office, the female told a nurse that she had been sexually active with a 26-year-old man from Georgia whom she met on the internet. On August 26, 2010, the female was interviewed at the St. Luke's Child Protection Center in

1

Hiawatha, Iowa, regarding the alleged sexual abuse. The female disclosed that between May 2010 and July 2010, she had been sexually active with Defendant in Defendant's apartment in Valdosta, Georgia, a hotel in Cedar Rapids, Iowa, and a hotel in Atlanta, Georgia.

According to the affidavit, in May 2010, Defendant rented a car and drove to Iowa. Defendant picked up the 14-year-old female at her residence. The female told her father that she was going camping with friends. Defendant took the female to a hotel in Cedar Rapids, where they stayed for one week. The female reported that she had sexual intercourse with Defendant two or three times, and performed oral sex on him, during that time period. Hotel employees confirmed that Defendant and the female stayed at the hotel. Defendant's credit card records confirm that he stayed at the hotel during the time period reported by the female. The hotel manager remembered the two "because of their unusual behavior and because of bloody sheets found in their hotel room."

After Defendant returned to Valdosta, Georgia, he and the 14-year-old female convinced her father that she had a sick friend in Georgia. Defendant allegedly talked to the female's father, and pretended to be the sick friend's uncle. Later, Defendant talked to the female's father and, using an application on his cell phone which made his voice sound liked a woman, pretended to be the sick friend's mother. According to the female's father, he believed he was talking to the sick friend's mother, and agreed to let his daughter go to Georgia. Defendant purchased an airplane ticket for the 14-year-old female, and she arrived in Atlanta on July 2, 2010. Defendant's credit card records confirm that he bought a plane ticket for the female.

The 14-year-old female reported that she stayed with Defendant at his apartment in Valdosta, Georgia, for the month of July. The female further reported that she and Defendant had sexual intercourse every other day, except for the week that she was menstruating. On July 30, 2010, Defendant and the female went to Atlanta, Georgia. They stayed in a hotel, and had sexual intercourse. The next day, the female flew home to Iowa. The manager of Defendant's apartment complex confirmed to law enforcement

that the female stayed with Defendant at his apartment. The apartment manager also stated that she saw Defendant and the female hugging, kissing, and holding hands at the pool.

Lastly, the 14-year-old female reported that she sent Defendant pictures of herself from her cell phone. In some of the pictures, she was naked. She also reported receiving pictures from Defendant on her cell phone, including one picture of Defendant's penis.

According to the pretrial services report, Defendant is 27 years old. He was born in Houston, Texas. His parents and one sister currently reside in Spring, Texas. For the past two years, Defendant has resided in Valdosta, Georgia, near Moody Air Force Base, where he is stationed in the United States Air Force. Defendant is single. He has never been married, and he has no children.

Defendant is in good physical health. He has no past or present mental health or emotional concerns.[1] Defendant denied any history of alcohol abuse. He also denied the use of controlled substances. Defendant has no criminal history.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this

---

[1] Although Defendant denies making any suicidal statements, or having a history of making such statements, the Linn County Correctional Center, where Defendant has been detained, has him on "suicide watch." Apparently, when he was arrested on the alleged instant offense, Defendant made statements to arresting officers that he had "nothing left to live for," and "you won't have to worry about [me] anymore," if he were released.

determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with interstate travel to engage in illicit sexual activity and transportation of a minor to engage in criminal sexual activity, which are offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant;

(3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). If the Court finds there is probable cause to believe that the person committed an offense involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with interstate travel to engage in illicit sexual activity and transportation of a minor to engage in criminal sexual activity. The weight of the evidence against Defendant is strong. A 14-year-old female identified Defendant as the man she had sexual relations with from May 2010 to

5

July 2010. Defendant traveled from Georgia to Iowa to have sexual relations with the 14-year-old female. Defendant later arranged for the female to travel from Iowa to Georgia to stay with him for one month, where they had sexual relations on multiple occasions. Hotel employees in Iowa, and an apartment manager in Georgia, confirmed to law enforcement that Defendant and the female were staying together at the hotel in Iowa, and at Defendant's apartment in Georgia. Defendant's credit card records also confirm that Defendant stayed at a hotel in Iowa in May/June 2010, and purchased an airplane ticket for the female's travel from Iowa to Georgia in July 2010. There are also allegations of the exchange of sexually explicit pictures between Defendant and the female via their cell phones. Considering the serious nature of the charges, the rebuttable presumption, Defendant's travel to Iowa for sexual relations with a minor, and Defendant arranging travel for the minor from Iowa to Georgia for sexual relations, the Court believes that there are no terms or conditions which it may impose for Defendant's release. Accordingly, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (February 28, 2011) to the filing of this Ruling (March 3, 2011) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 3rd day of March, 2011.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA